**In re Phyllis J. WHEELER, Debtor.**

**Phyllis J. Wheeler, Movant,**

v.

**Tolland Bank, Respondent.**

**No. 99–21740.**

United States Bankruptcy Court,
D. Connecticut.

Dec. 18, 2000.

Vincent Purnhagen, Cummings, Lanza and Purnhagen, L.L.C., South Windsor, CT, for movant-debtor.

Raymond C. Bliss, Baker, O'Sullivan & Bliss PC, Wethersfield, CT, for respondent.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

In this proceeding, Phyllis J. Wheeler ("the debtor") seeks to avoid, pursuant to Bankruptcy Code § 522(f)[1], a judgment lien held by Tolland Bank ("the bank") encumbering her residence. The issue dividing the parties arises from the circumstance that the judgment lien covered a property interest prior to the debtor acquiring such interest. The parties have submitted the matter upon a stipulation of facts and their memoranda.

1. 11 U.S.C. § 522(f)(1) provides in relevant part:
    Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that

### II.

The debtor, on May 13, 1999, filed a Chapter 7 bankruptcy petition listing as an asset her residence located at 281 Ference Road, Ashford, Connecticut ("the property"). She asserted a homestead exemption, pursuant to Conn.Gen.Stat. § 52–352b(t), in the amount of $75,000.00 in the property. The property has a fair market value of $56,800.00 and the bank's judgment lien is the only encumbrance on the property.

The debtor and her now deceased husband, Clifford J. Wheeler ("Clifford"), originally acquired the property as joint tenants with rights of survivorship by deed recorded on October 17, 1962. The bank, on August 22, 1994, caused to be recorded a judgment lien for $86,36.89 against the interest of Clifford in the property. Clifford, on February 10, 1996, died with the debtor thereby succeeding to Clifford's property interest.

Under the foregoing circumstances, the debtor claims she should be allowed to avoid the bank's judgment lien to implement the "fresh start" policy of the bankruptcy law. The bank asserts that the debtor, having acquired Clifford's interest in property subject to the judgment lien, may not avoid that lien.

### III.

#### A.

■ The debtor's interest in the property is a matter of state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property, interests are created and defined by state law...."). In Connecticut, joint tenancy with rights of survivorship is a form of ownership created by statute. Conn.Gen. Stat. § 47–14a et seq. Connecticut stat-

such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien, other than a judicial lien....

utes specifically provide that the interest of a joint tenant may be encumbered by a judgment lien and that an such lien on the property interest of a joint tenant will continue to encumber the property interest passing to a survivor after the death of that joint tenant. Conn.Gen.Stat. § 47–14f (West 1995) ("During the life of any joint tenant *his interest* may be ... made subject to a ... judgment lien ... provided, upon the death of any joint tenant owning that interest, the ... lien ... shall likewise continue valid and enforceable against *that interest* as and when it accrues to the surviving tenants or tenant by reason of that death ....") (emphasis added).

### B.

■ The ruling in this matter is clearly controlled by the decision of the U.S. Supreme Court in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In *Farrey v. Sanderfoot,* the Supreme Court resolved a dispute among the Courts of Appeal as to whether the language of § 522(f) "means that a lien may be avoided so long as it is currently fixed on a debtor's interest .... [or whether it permits] avoidance of a lien only where the lien attached to the debtor's interest at some point after the debtor obtained the interest." *Id.* at 296, 111 S.Ct. 1825. The Court held, based upon § 522(f)(1)'s "purpose and history," that "unless the debtor had the property interest to which the lien attached at some point before the lien attached to that interest he or she cannot avoid the fixing of the lien under the terms of § 522(t)(1)." *Id.*

### IV.

The court concludes that, under Connecticut law, the debtor did not have the property interest to which the lien attached at a point prior to attachment of the lien to that interest, and that she cannot avoid the lien under § 522(f). *Farrey v. Sanderfoot,* 500 U.S. at 296, 111 S.Ct. 1825. Accordingly, Tolland Bank's objection is sustained and the debtor's motion to avoid the lien pursuant to § 522(f) is denied. It is

SO ORDERED.